FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
DarrasLaw
3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone: (909) 390-3770
Facsimile: (909) 974-2121

Attorneys for Plaintiff
ALI SANABRIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT OF CALIFORNIA - WESTERN DIVISION

ALI SANABRIA,

Plaintiff,

vs.

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

Case No:

COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq*. (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.



DarrasLaw

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff is informed and believes and thereon alleges that the Newtek Business Services Corp., LLC Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by the Newtek Business Services Corp., LLC ("NEWTEK") to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, ALI SANABRIA, with income protection in the event of a disability and is the Plan Administrator.

5. Plaintiff alleges upon information and belief that Defendant THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("GUARDIAN"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New York, authorized to transact and transacting the business of insurance in this state, and the insurer and Claims Administrator for the Plan.

6. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that GUARDIAN, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about August 3, 1899, GUARDIAN has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

7. At all relevant times Plaintiff was a resident and citizen of the State of California, an employee of NEWTEK, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

8. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number G-00521716 that had been issued by GUARDIAN to insure the Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

9. The Plan defines "Disability" or "Disabled" as follows:

DarrasLaw

- (1) During the elimination period and the next 12 months, not able to perform the material and substantial duties of his or her own occupation.
- (2) After 12 months of benefit payments, not able to perform the material and substantial duties of his or her occupation. Occupation includes any employment, trade or profession that is reasonably related in terms of similar: (i) tasks; (ii) functions; (iii) skills; (iv) abilities; (v) knowledge; (vi) training; and (vii) experience.
- (3) After 24 months of benefit payments, not able to perform the material and substantial duties of any gainful work.

10. Prior to his disability under the Plan, Plaintiff worked as a Credit Manager for NEWTEK.

11. On or about March 15, 2021, Plaintiff became disabled under the terms of the Plan due to non-exertional limitations from his Depressive and Anxiety Disorders.

12. On or about March 15, 2021, Rajendra Patel, M.D., a Psychiatrist who has treated Plaintiff, indicated that Plaintiff was totally disabled and unable to work.

13. On or about March 19, 2021, Dr. Patel completed a Short-Term Disability Claim form for Plaintiff, certifying his total disability.

14. On or about April 14, 2021, Dr. Patel continued Plaintiff's disability certification through May 30, 2021.

15. On or about May 22, 2021, Dr. Patel noted no improvement in Plaintiff's symptoms while also extending his off-work status through July 20, 2021.

16. On or about July 9, 2021, Dr. Patel completed a Short-Term Disability Attending Physician's Statement, continuing Plaintiff's disability certification through July 20, 2021.

17. On or about September 27, 2021, Dr. Patel indicated that Plaintiff was still having difficulty concentrating for a meaningful amount of time and extended his off-work status again, through November 15, 2021.



DarrasLaw

18. On or about November 15, 2021, Dr. Patel stated in a letter that it was not reasonable to expect that Plaintiff would be able to return to his Own Occupation.

19. On or about November 29, 2021, Dr. Patel reiterated his opinion that Plaintiff would not be able to return to his Own Occupation, and further opined Plaintiff's disabling symptoms would not resolve were he to perform his Own Occupation for another employer.

20. GUARDIAN originally notified Plaintiff, in correspondence dated June 29, 2021, that his claim was approved and that he would be receiving benefits soon. However, in correspondence dated July 1, 2021, GUARDIAN unreasonably and unlawfully denied Plaintiff's claim, stating that the evidence was not sufficient to prove that he could not perform his Own Occupation.

21. Plaintiff timely appealed GUARDIAN's denial of his claim.

22. In response to Plaintiff's appeal, GUARDIAN upheld its denial in correspondence dated March 30, 2022, and informed Plaintiff that if he disagreed, he has "the right to bring a civil suit under federal law."

23. To date, even though Plaintiff has been disabled, GUARDIAN has not paid Plaintiff any disability benefits under the Policy. The unlawful nature of GUARDIAN's denial decision is evidenced by, but not limited to the following:

- GUARDIAN engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and
- GUARDIAN ignored the opinions of Plaintiff's board-certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence

DarrasLaw

in the claim file. Further, GUARDIAN'S highly conflicted physicians' opinions do not serve as substantial evidence, as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

24. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, contrary to the evidence, contrary to the terms of the Plan, and contrary to law. Defendant GUARDIAN's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and M*etropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

25. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, 29 U.S.C. § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone Tire & Rubber Co. v. Bruch,* 489 U. S. 101, 113 (1989) (quoting 29 U.S.C. § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see 29 U.S.C. § 1132(a)(1)(B).

26. As a direct and proximate result of GUARDIAN's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits based on his onset date of March 15, 2021, to the present.

27. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by Defendant pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

28. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from

DarrasLaw

the Plan to which he might be entitled while receiving disability benefits including, but not limited to, reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. An award of benefits in the amount not paid Plaintiff based on his onset date of March 15, 2021, to the present, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits including, but not limited to, reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining that Plaintiff is entitled to future payments so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: January 23, 2023




FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
ALI SANABRIA